IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTWAN M. GRAY,

    Plaintiff,

v.    Case No. 3:10cv287

UNIQUE AUTO SALES, LLC,
CREDIT ACCEPTANCE CORPORATION,
LEASE AND RENTAL MANAGEMENT CORP.,
MARINER FINANCE, LLC,
COASTAL CREDIT, LLC, and
PROFESSIONAL FINANCIAL SERVICES OF
  VIRGINIA, LLC,

    Defendants.

## ANSWER

NOW COMES the Defendant, Professional Financial Services of Virginia, LLC ("PFS"), by counsel and pursuant to the Federal Rules of Civil Procedure and for its Answer to the Complaint states as follows:

    1.    Paragraph 1 makes no allegations against any defendant, and therefore requires no answer.

    2.    Paragraph 2 makes no allegations against any defendant, and therefore requires no answer.

    3.    Paragraph 3 makes no allegations against any defendant, and therefore requires no answer.

    4.    Paragraph 4 makes no allegations against any defendant, and therefore requires no answer.

5. Paragraph 5 makes no allegations against any defendant, and therefore requires no answer.

6. Paragraph 6 makes no allegations against any defendant, and therefore requires no answer.

7. PFS denies the allegations of paragraph 7 to the extent that it is directed to PFS, and denies any violation of the ECOA or the FCRA

8. Paragraph 8 makes no allegations against any defendant, and therefore requires no answer.

## JURISDICTION

9. Paragraph 9 states this Court's jurisdiction. PFS does not contest jurisdiction.

10. Paragraph 10 states this Court's jurisdiction. PFS does not contest jurisdiction.

## THE PARTIES

11. On information and belief, PFS admits the allegations of paragraph 11.

12. PFS is without knowledge or information to admit or deny the allegations of paragraph 12.

13. PFS is without knowledge or information to admit or deny the allegations of paragraph 13.

14. PFS is without knowledge or information to admit or deny the allegations of paragraph 14.

15. PFS admits the allegations of paragraph 15.

16. PFS is without knowledge or information to admit or deny the allegations of paragraph 16.

17. PFS is without knowledge or information to admit or deny the allegations of paragraph 17.

I-973343.1

## FACTUAL BACKGROUND

18. PFS is without knowledge or information to admit or deny the allegations of paragraph 18.

19. PFS is without knowledge or information to admit or deny the allegations of paragraph 19.

20. PFS is without knowledge or information to admit or deny the allegations of paragraph 20.

21. PFS is without knowledge or information to admit or deny the allegations of paragraph 21 except that PFS admits that it accessed the Plaintiff's credit report.

22. PFS is without knowledge or information to admit or deny the allegations of paragraph 22.

23. PFS is without knowledge or information to admit or deny the allegations of paragraph 23.

24. PFS is without knowledge or information to admit or deny the allegations of paragraph 24.

25. PFS is without knowledge or information to admit or deny the allegations of paragraph 25.

26. PFS is without knowledge or information to admit or deny the allegations of paragraph 26.

27. PFS is without knowledge or information to admit or deny the allegations of paragraph 27.

28. PFS is without knowledge or information to admit or deny the allegations of paragraph 28.

29. PFS is without knowledge or information to admit or deny the allegations of

I-973343.1

paragraph 29.

30. PFS is without knowledge or information to admit or deny the allegations of paragraph 30.

31. PFS is without knowledge or information to admit or deny the allegations of paragraph 31.

32. PFS is without knowledge or information to admit or deny the allegations of paragraph 32 except that PFS admits that Unique Auto submitted to PFS the Plaintiff's completed application for financing.

33. PFS is without knowledge or information to admit or deny the allegations of paragraph 33.

34. PFS is without knowledge or information to admit or deny the allegations of paragraph 34 except PFS admits that it denied the Plaintiff's credit application as submitted by Unique Auto.

35. PFS is without knowledge or information to admit or deny the allegations of paragraph 35 except that PFS admits that it accessed the Plaintiff's credit report.

36. PFS is without knowledge or information to admit or deny the allegations of paragraph 36.

37. PFS is without knowledge or information to admit or deny the allegations of paragraph 37.

## COUNT I

38. PFS is without knowledge or information to admit or deny the allegations of paragraph 38 except that PFS denies that it has in any way violated the ECOA.

39. PFS is without knowledge or information to admit or deny the allegations of paragraph 39.

I-973343.1

40. PFS is without knowledge or information to admit or deny the allegations of paragraph 40 except that PFS denies that it has in any way violated the ECOA, and denies that it is in any way liable for damages to the Plaintiff.

41. PFS is without knowledge or information to admit or deny the allegations of paragraph 41 except that PFS denies that the Plaintiff is entitled to equitable relief from PFS as PFS has at all times complied with notice requirements of the ECOA.

## COUNT II

42. PFS alleges and incorporates its responses to paragraphs 1 through 41.

43. PFS is without knowledge or information to admit or deny the allegations of paragraph 43 except that PFS admits that it made an adverse credit decision governed by the FCRA and denies that it failed to provide the notice required by the FCRA.

44. PFS is without knowledge or information to admit or deny the allegations of paragraph 44 except that PFS denies that it has violated the FCRA in any way involving the Plaintiff.

45. PFS is without knowledge or information to admit or deny the allegations of paragraph 45 except that PFS denies that it has violated the FCRA in any way involving the Plaintiff.

46. PFS is without knowledge or information to admit or deny the allegations of paragraph 46 except that PFS denies that it has violated the FCRA in any way involving the Plaintiff.

47. PFS is without knowledge or information to admit or deny the allegations of paragraph 47 except that PFS denies that it has violated the FCRA in any way involving the Plaintiff.

48. PFS is without knowledge or information to admit or deny the allegations of

paragraph 48 except that PFS denies that Plaintiff has suffered any damages whatsoever as a result of PFS's violations of the FCRA, as PFS denies any such violations.

49. PFS is without knowledge or information to admit or deny the allegations of paragraph 49 except that PFS denies that Plaintiff has suffered any damages whatsoever as a result of PFS's violations of the FCRA, as PFS denies any such violations.

50. PFS is without knowledge or information to admit or deny the allegations of paragraph 50 except that PFS denies that Plaintiff has suffered any damages whatsoever as a result of PFS's violations of the FCRA, as PFS denies any such violations.

51. PFS is without knowledge or information to admit or deny the allegations of paragraph 51 except that PFS denies that Plaintiff has suffered any damages whatsoever as a result of PFS's violations of the FCRA, as PFS denies any such violations.

52. PFS is without knowledge or information to admit or deny the allegations of paragraph 52 except that PFS denies that the Plaintiff is entitled to equitable relief from PFS as PFS has at all times complied with notice requirements of the FCRA.

## COUNTS III, IV AND V

53. The remaining paragraphs 53 through 76 allege claims "against Unique Auto only" and therefore require no response from PFS.

## AFFIRMATIVE DEFENSES

In addition to the affirmative defenses enumerated below, PFS reserves the right to assert any additional defenses as may be warranted or as may be revealed by additional information received in discovery.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted to the extent that the Plaintiff claims that PFS was not authorized to access the Plaintiff's credit report.

### Second Affirmative Defense

PFS had a permissible purpose as defined by the Fair Credit Reporting Act and Equal Credit Opportunity Act to access Plaintiff's credit report.

### Third Affirmative Defense

Any damages suffered by Plaintiff were caused by third parties over whom PFS has no control.

### Fourth Affirmative Defense

Any failure to comply with the Fair Credit Reporting Act was inadvertent.

### Fifth Affirmative Defense

PFS provided any notice required concerning an adverse credit decision regarding the Plaintiff. A copy of said notice is attached hereto as Exhibit 1.

### Sixth Affirmative Defense

At the time of the alleged violation, PFS maintained reasonable procedures to assure compliance with the notice provisions of the Fair Credit Reporting Act.

Dated: July 2, 2010                               Respectfully submitted,

By_____/s/_____
Gary A. Bryant
VSB No. 27558
Brett A. Spain
VSB No. 44567
Bartholomew J. Gengler
VSB No. 78509
Counsel for Professional Financial Services
  of Virginia, LLC
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Ste. 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5500

1-973343.1

Facsimile: (757) 628-5566  
gbryant@wilsav.com  
bspain@wilsav.com  
bgengler@wilsav.com

CERTIFICATE OF SERVICE

    I hereby certify that on the 2nd day of July, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Mark Charles Nanavati  
Sinnott, Nuckols & Logan PC  
13811 Village Mill Drive  
Midlothian, Virginia 23114  
mnanavati@snllaw.com

Carrie Margaret Harris  
Spilman Thomas & Battle PLLC  
310 First Street  
PO Box 90  
Roanoke, Virginia 24002-0090  
charris@spilmanlaw.com

James Thomas Kimble  
Gordon, Feinblatt, Rothman, Hoffberger & Hollander  
233 E. Redwood Street  
Baltimore, Maryland 21202  
jkimble@gfrlaw.com

George H. Bowles  
Williams Mullen PC  
222 Central Park Avenue, Ste. 1700  
Virginia Beach, Virginia 23462  
gbowles@williamsmullen.com

Scott Cochran Miller  
Williams Mullen PC  
999 Waterside Drive, Ste. 1700  
Norfolk, Virginia 23510  
smiller@williamsmullen.com

1-973343.1

...

John Cole Gayle, Jr.
The Consumer Law Group, P.C.
5905 West Broad St., Ste. 303
Richmond, Virginia 23230
jgayle@theconsumerlawgroup.com

Leonard A. Bennett
Consumer Litigation Associates, PC
12515 Warwick Boulevard, Ste. 100
Newport News, Virginia 23606
lenbennett@cox.net

By_____/s/_____
Gary A. Bryant
VSB No. 27558
Brett A. Spain
VSB No. 44567
Bartholomew J. Gengler
VSB No. 78509
Counsel for Professional Financial Services
    of Virginia, LLC
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Ste. 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
gbryant@wilsav.com
bspain@wilsav.com
bgengler@wilsav.com

1-973343.1