UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ANTWAN M. GRAY

    Plaintiff,

v.                                               CIVIL ACTION NO. 3:10cv287

UNIQUE AUTO SALES, LLC, et al,

    Defendants.

## DEFENDANT'S PROPOSED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

NOW COMES Defendant Professional Financial Services of Virginia, LLC ("PFS"), by counsel, and for its Proposed Findings of Fact and Conclusions of Law, states as follows:

### PROPOSED FINDINGS OF FACT

1.     The Plaintiff, Antwan M. Gray (the "Plaintiff" or "Gray"), is a resident of Henrico County residing at 78364 Mile Run Parkway, Henrico County, Virginia 23231.

2.     The Plaintiff filed this suit alleging a "yo-yo" sale made by Unique Auto Sales, LLC ("Unique Auto"). Although the Plaintiff's overriding claim concerned the actions of Unique Auto, the Plaintiff also filed suit against four third-party lenders, who had the unfortunate luck to have received the Plaintiff's credit application from Unique Auto. The Plaintiff alleges that not a single one of these lenders sent him an adverse action letter as required by law.

3.     During the course of this litigation, Unique Auto and the other three lenders settled rather than incur the expenses associated with defending themselves. PFS now remains the lone defendant, standing on principle, and with the clear evidentiary support to establish that it did, in fact, send the Plaintiff an adverse action letter.

## THE ADVERSE ACTION LETTER

4. The Plaintiff claims that, on or about May 16, 2009, he began negotiations to purchase a vehicle from Unique Auto. More detailed allegations regarding these negotiations are set forth in the Plaintiff's Complaint.

5. The Plaintiff admits that on May 21, 2009, he signed a credit application authorizing various lenders, including PFS, to access the Plaintiff's credit report to decide whether to approve a loan application for the vehicle.

6. On that same day, May 21, 2009, Unique Auto faxed the loan application to PFS. When the materials arrived, they were given to David Evans, the Regional Manager, who was serving as the acting manager at the PFS Richmond branch office on that day. Mr. Evans reviewed the material concerning the Plaintiff, pulled the Plaintiff's credit report through Equifax, and ultimately denied the loan application the same day.

7. In accordance with longstanding policies and procedures utilized by PFS, Mr. Evans printed and mailed an adverse action letter to the Plaintiff on May 21, 2009.

8. PFS had no other contact with Mr. Gray until it was sued along with four other defendants nearly a year later.

## THE PLAINTIFF'S CLAIM

9. The Plaintiff now fails to remember that he signed a credit application on May 21, 2009, to which PFS responded. He only remembers receiving a call on or about May 29, 2009, from Unique Auto indicating that another lender had approved his transaction.

10. The Plaintiff went to Unique Auto on May 29, 2009, and completed the transaction. The Plaintiff signed forms indicating that "Auto Loan" had approved his loan and would be the assignee of the contract.

I-1007137.1

11. The Plaintiff left Unique Auto on May 29, 2009, with his vehicle and did not hear back from them until on or about June 9, 2009. The Complaint contains allegations concerning the events of June 9th that do not need repeating. In short, Unique Auto took possession of the vehicle and later remitted the Plaintiff's deposit less certain costs.

12. Following the repossession, the Plaintiff contacted his current lawyers. On or about June 16th or 17th, the Plaintiff was advised to obtain his credit reports and start saving all of his mail related to the transaction.

13. On June 17, 2009, the Plaintiff obtained his credit reports from Experian and TransUnion. Although those reports listed a number of lenders who had accessed his credit report, they did not show that PFS had similarly accessed his report.

14. Three months later, on September 9, 2009, the Plaintiff accessed his credit report from Equifax, which listed PFS as a lender who had accessed his credit report.

15. Unable to remember receiving anything from PFS three and half months earlier or to find the letter among his retained mail, the Plaintiff now claims that the letter was never sent. The Plaintiff has no other evidence to support his claim that PFS did not send the letter.

### PFS SENT THE ADVERSE ACTION LETTER

16. Contrary to the Plaintiffs' claim, PFS has undisputed evidence that it did send the letter.

17. As part of its business, PFS uses its own proprietary software to ensure that adverse action letters are printed contemporaneously with the credit decision. This software includes an 8-step process that leaves an electronic record of the actions taken, including printing the letter.

18. After PFS was served with this lawsuit, Mr. Evans retrieved the documents concerning the Plaintiff's application. The documents were contained in the "month end" box

3

for May 2009, exactly where they were supposed to be. The documents contains the faxed application, details of the proposed transaction, a copy of the letter sent by Mr. Evans, and other related information. The letter contains the initials "dle" (i.e., David L. Evans) in the lower corner, indicating that Mr. Evans printed the letter.

19. In addition to the hard copies, PFS also retrieved the electronic records relating to the transaction. These records also clearly show the times and date (May 21, 2009), during which the application was entered and denied in the system. The records show that Mr. Evans was the person handling the application, and, most importantly, that the letter was actually printed.

20. Mr. Evans testified that, pursuant to his established procedure, he always completes any denial by immediately retrieving the letters printed out (which include the letter to be sent, a file copy, and a credit decision) and putting the adverse action letter in the mail.

21. In order to accept the Plaintiff's position, the Court would have to find that Mr. Evans kept a file copy of the letter and all of the related documentation, stapled that material together, placed it in the month end box for storage, but yet threw out the letter to be sent to the Plaintiff. Such a conclusion would be irrational, defy all logic and is without any basis in fact.

## CONCLUSIONS OF LAW

22. On May 21, 2009, PFS mailed the required adverse action letter to the Plaintiff. The letter complied with all requirements under the Fair Credit Reporting Act ("FCRA") and the Equal Credit Opportunity Act ("ECOA"), and their related regulations.

23. 15 U.S.C. § 1681m(c) provides that, "[n]o person shall be held liable for any violation of this section if he shows by a preponderance of the evidence that at the time of the alleged violation he maintained reasonable procedures to assure compliance with the provisions

4

I-1007137.1

of this section." Because PFS maintains such procedures, Section 1681m(c) likewise insulates PFS from liability under that statute.

24. There is no evidence that PFS failed to comply with the requirements of the FCRA intentionally or even negligently.

25. Accordingly, the Plaintiff has failed to prove any violation of either statute.

Dated: December 30, 2010

Respectfully submitted,

By_____/s/_____
Brett A. Spain (VSB #44567)
Gary A. Bryant (VSB #27558)
Attorneys for Professional Financial
Services of Virginia, LLC
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
(757) 628-5500 Telephone
(757) 628-5566 Facsimile
bspain@wilsav.com
gbryant@wilsav.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John Cole Gayle, Jr., (VSB #18833)
The Consumer Law Group, PC
5905 West Broad St., Ste. 303
Richmond, Virginia 23230
*Counsel for Plaintiff Antwan M. Gray*

Leonard A. Bennett (VSB #37523)
Consumer Litigation Associates, PC
12515 Warwick Boulevard, Ste. 100
Newport News, Virginia 23606
*Counsel for Plaintiff Antwan M. Gray*

I-1007137.1

           /s/
Brett A. Spain (VSB #44567)
Gary A. Bryant (VSB #27558)
Attorneys for Professional Financial
Services of Virginia, LLC
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
(757) 628-5500 Telephone
(757) 628-5566 Facsimile
bspain@wilsav.com
gbryant@wilsav.com