IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTWAN M. GRAY,

        Plaintiff

v.                              CASE NO. 3:10-CV-287

UNIQUE AUTO SALES, LLC,
CREDIT ACCEPTANCE CORPORATION,
LEASE AND RENTAL MANAGEMENT CORP.,
MARINER FINANCE, LLC,
COASTAL CREDIT, LLC,
and PROFESSIONAL FINANCIAL SERVICES OF
VIRGINIA, LLC.,

        Defendants.

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESS AND EXHIBIT DISCLOSURES

COMES NOW the Plaintiff, by counsel, and for his objections to Defendant's Rule 26(a)(3) disclosures, he states:

### WITNESSES

1. Plaintiff objects to Defendant's use of David Evans beyond the testimony he has provided in his deposition pursuant to Fed. R. Civ. P. 37 and 30. Defendant terminated the deposition after its counsel instructed the witness not to answer questions on a basis other than privilege (and as well unrelated to allegations of harassment or abuse). Defendant's counsel stated his intent to file an appropriate Motion for a Protective Order, an action Defendant has never taken.

2. Plaintiff objects to Defendant's use of Charlie Wylie pursuant to Fed. R. Civ. P. 37(c)(1), 26(a)(1) and 26(e). Mr. Wylie was known to Defendant since the commencement of this action, but was not disclosed in its Rule 26(a)(1) disclosures. Plaintiff objects to

Defendant's use of Charlie Wylie pursuant to Fed. R. Civ. P. 37(c)(1), 26(a)(1) and 26(e).  Mr. Wylie was known to Defendant since the commencement of this action, but was not disclosed in its Rule 26(a)(1) disclosures.  His name was first made known to Plaintiff only on November 29, 2010 when Defendant's November 24, 2010 "Amended Rule 26(a)(1) Disclosures" were received.  This was long after Defendant knew of the existence of this witness and less than thirty (3) days before the end of discovery.

Plaintiff objects to Defendant's use of Bonnie Klapaska pursuant to Fed. R. Civ. P. 37(c)(1), 26(a)(1) and 26(e).  Ms. Klapaska was never disclosed in its Rule 26(a)(1) disclosures, including the amended disclosures.

## EXHIBITS

Plaintiff objects to Exhibits 4, 6, 7, 9, 16, 22, 25 and 30 on the basis of Hearsay, and Relevance; and Exhibits 9, 16, 22, 25 and 30 because they were not disclosed pursuant to Rule 26(a)(1).

**ANTWAN M. GRAY,**

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 4th day of January 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Brett A. Spain
Gary Alvin Bryant
Willcox & Savage PC
440 Monticello Ave
Suite 2200
Norfolk, VA 23510

                _____/s/_____
                Leonard A. Bennett, Esq.
                VSB #37523
                Attorney for Plaintiff
                CONSUMER LITIGATION
                ASSOCIATES, P.C.
                12515 Warwick Boulevard, Suite 100
                Newport News, Virginia 23606
                (757) 930-3660 - Telephone
                (757) 930-3662 – Facsimile
                lenbennett@cox.net